Defendant-Appellant Gene Church appeals the sentence entered against him, on September 18, 1998, by the Licking County Court of Common Pleas. Plaintiff-Appellant is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On October 24, 1997, the Licking County Grand Jury indicted appellant on one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and two counts of felonious assault in violation of R.C. 2903.11(A)(2). The incident giving rise to the charges occurred on October 12, 1997. On such date, appellant went to visit his uncle, Bruce Kirk, at his residence. While at the residence, appellant, without provocation, stabbed Mr. Kirk in the neck with a kitchen knife. Following the stabbing, a struggle ensued over the knife. In the course of the struggle, appellant tore a pocket off of Mr. Kirk's jeans and took the victim's wallet containing $230. Mr. Kirk fled his residence. Appellant followed and attempted to strike Mr. Kirk with a hammer. Appellant subsequently fled the scene and was later apprehended.
Appellant entered a plea of not guilty to the charges contained in the indictment on October 27, 1997. On January 28, 1998, appellant appeared before the trial court and withdrew his not guilty plea and entered a plea of guilty to the above charges. The trial court sentenced appellant, on February 20, 1998, to five (5) years incarceration on each of the counts of the indictment. The trial court ran the sentences for the two (2) felonious assault counts concurrently but consecutive to the sentence for aggravated robbery.
Appellant timely appealed his sentence to this court, arguing that the trial court committed harmful error in sentencing him to consecutive sentences. (Case No. 98CA34). Pursuant to an Opinion filed on August 28, 1998, this court vacated appellant's sentence and remanded the matter for further proceedings. This court specifically found that the trial court had failed, as required by R.C. 2929.14(E), to determine whether any of the elements contained in R.C. 2929.14(a) through (c) were present in addition to protecting the public and not demeaning the seriousness of the crime.
On September 18, 1998, the trial court resentenced appellant, to five (5) years incarceration on each of the counts of the indictment. The trial court once again ran the sentences for the two (2) felonious assault counts concurrently but consecutively to the sentence for aggravated robbery. Appellant's sentence was memorialized in a Judgment Entry filed on September 18, 1998. An Amended Judgment Entry was filed on September 28, 1998.
It is from the September 18, 1998, Judgment Entry appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES.
 I
Appellant contends, in his sole assignment of error, that the trial court erred when it sentenced him to consecutive sentences without making the required findings of fact under R.C. 2929.14.
Pursuant to Senate Bill 2, the Revised Code sets forth guidelines a trial court is to utilize when rendering a sentence. Specifically, R.C. 2929.14 contains certain requirements before consecutive sentences may be imposed.
R.C. 2929.14(E)(4) addresses the imposition of consecutive prison terms. This statute provides:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offense was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crime by the offender.
Appellant contends that the trial court's findings in the case sub judice are insufficient under R.C. 2929.14(E) for consecutive sentences to be imposed. Appellant specifically points to the trial court's failure to find, pursuant to R.C.2929.14(E)(4)(b), that the harm caused by the multiple offense was so great or unusual that a single term would not adequately reflect the seriousness of the offense. The trial court, in imposing consecutive sentences, specifically found as follows:
 "The Court determines that under Senate Bill 2, the offender — or the harm caused was great and unusual, and the consecutive sentences are necessary to fulfill the purposes of Senate Bill 2. 'The Court determines that this was one of the worst forms of the offense that could be committed. It was extremely serious. You're right, it could have involved more serious harm, but the seriousness in this case is such that consecutive terms are appropriate."
Transcript of resentencing hearing at 12.
While the trial court did not, as previously mandated by this court, comply with R.C. 2929.14 by specifically and unequivocably finding that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct, this court finds that the above findings of the trial court were sufficient under R.C. 2929.14(E) to justify the imposition of consecutive sentences.
Appellant's sole assignment of error is overruled.
The sentence of the Licking County Court of Common Pleas is affirmed.
By Edwards, J., Hoffman, J. and Wise, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
--------------------
--------------------
 -------------------- JUDGES